UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:

  NRAD MEDICAL ASSOCIATES, P.C.,

                              Debtor.
-----------------------------------------------------------x

Chapter 11

Case No. 15-72898 (LAS)

### INTERIM ORDER GRANTING DEBTOR'S MOTION FOR ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 345(b), AND 363(c) AUTHORIZING DEBTOR TO (I) CONTINUE USE OF EXISTING CASH MANAGEMENT SYSTEM, (II) MAINTAIN EXISTING BANK ACCOUNTS AND BUSINESS FORMS, AND (III) GRANTING RELATED RELIEF

Upon the motion dated July 7, 2015 (ECF Doc. No. 7) (the "**Motion**"),[1] of NRAD Medical Associates, P.C. (the "**Debtor**"), the above-captioned debtor and debtor-in-possession, for entry of an interim order authorizing the Debtor to: (i) continue to use its existing cash management system; and (ii) maintain its existing bank accounts and business forms; and upon the *Declaration of Nat Wasserstein Under Local Rules 1007-4 in Connection with Chapter 11 Filing, and Local Rule 9077-1 in Support of Certain "First Day" Motions*, dated July 6, 2015 (ECF Doc. No. 5); and upon the record of the hearing on the Motion held on July 10, 2015, the transcript of which is incorporated herein by reference; and this Court having determined that granting the relief requested in the Motion is in the best interests of the Debtor, its estate, creditors and other stakeholders; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED**, that the Motion is hereby granted on an interim basis to the extent set forth herein; and it is further

**ORDERED**, that, on an interim basis, the Debtor may continue to maintain and utilize its existing bank accounts, listed on **Exhibit A** to the Motion, as well as continuing the use of its existing business forms, stationery and checks; provided, however, that notwithstanding anything set forth in this Interim Order, the Debtor shall on a daily basis sweep its account balances at Valley National Bank into a debtor in possession account at Sterling National Bank, so that the balance remaining in any of the Debtor's accounts at Valley National Bank at the end of each day during this chapter 11 case shall not exceed the F.D.I.C. insured rate; and it is

---

[1] All capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

further

**ORDERED**, that the Debtor be, and hereby is, authorized, on an interim basis, to: (i) designate, maintain and continue to use the Bank Accounts in the names and account numbers existing immediately prior to the commencement of this chapter 11 case, except to cause such Bank Accounts names and checks to reflect the Debtor's status as a debtor in possession; (ii) deposit funds in, and withdraw funds from, the Bank Accounts by all usual means including, without limitation, by checks, wire transfers, automated clearing-house transfers, electronic funds transfers, and other debits, except with respect to Valley National Bank, for which the only transfers will be the daily account sweeps referenced above; and (iii) treat the Bank Accounts, other than the accounts at Valley National Bank, for all purposes as debtor-in-possession accounts; and, it is further

**ORDERED**, that the Debtor be, and hereby is authorized to use its current checks; provided, however, that the Debtor must stamp its checks with the words "Debtor-in-Possession", or the abbreviation "D.I.P." and the case number; and it is further

**ORDERED**, that the Debtor will immediately begin stamping "D.I.P." on all business forms, including but not limited to purchase orders and invoices; and it is further

**ORDERED**, that the Debtor shall replace its existing stock of business forms and checks with new forms identifying it as a debtor-in-possession as existing forms or checks are depleted; and it is further

**ORDERED,** that the Debtor be, and hereby is, authorized and empowered to take such steps, do such things, and execute such documents as may be necessary to implement the terms and conditions of this Order; and it is further

**ORDERED**, that the Final Hearing shall be held on **August 18, 2015**, at **11:00 a.m.** prevailing Eastern Time (the "**Final Hearing**") before the Honorable Louis A Scarcella, United States Bankruptcy Judge of the United States Bankruptcy Court for the Eastern District of New York, in Courtroom 760 at the Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, and any objections or responses to the Motion shall be filed on

Case 8-15-72898-las    Doc 46    Filed 07/22/15    Entered 07/22/15 13:26:33

or before **August 11, 2015** at **4:30 p.m.** (EST) and served on the parties as required by Local Bankruptcy Rule 9006-1; and it is further

**ORDERED,** that on or before **July 22, 2015** the Debtor shall mail copies of this Interim Order and notice of the date for the Final Hearing to (i) the Debtor's largest secured creditors, (ii) counsel to the Committee, if one is appointed, if not, the twenty (20) largest unsecured creditors of the Debtor, (iii) the Office of the United States Trustee, Attn: Stan Yang, Esq., (iv) the Internal Revenue Service, (v) the United States Attorney's Office for the Eastern District of New York, (vi) Signature, (vii) Valley National Bank, (viii) all parties filing a notice of appearance in this case; and (viv) Nina S. Vincoff, M.D.; and it is further

**ORDERED**, that, pending the Final Hearing, the Debtor is authorized to take such actions as may be necessary and appropriate to implement the terms of this Order.

No Objection:

*s/ Alfred M. Dimino*
Office of the U.S. Trustee



**Dated: July 22, 2015**
**Central Islip, New York**

/s/ Louis A. Scarcella
**Louis A. Scarcella**
**United States Bankruptcy Judge**

BPOWERS/1766004.2/063017